UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAUREN KENDRYNA, *et al.*, | Case No. 3:18-cv-00415-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

This is a defamation case against an employee of the United States. The United States has been substituted as the party defendant under 28 U.S.C. § 2679(d)(2).[1] Before the Court is the United States' motion to dismiss (ECF No. 8). The Court has reviewed Plaintiffs Lauren Kendryna and Nicholas Kendryna's response (ECF No. 15) and the United States' reply (ECF No. 16). Additionally before the Court is Plaintiffs' motion to redact. (ECF No. 13.) The United States did not file an opposition.

For the following reasons, the Court grants the United States' motion to dismiss and grants Plaintiffs' motion to redact.

**II.  BACKGROUND**

Plaintiffs Lauren Kendryna and Nicholas Kendryna filed a small-claims complaint in Reno Justice Court seeking recovery of damages against Kenneth Rangle—a former employee of the Bureau of Prisons—on July 11, 2018. (ECF No. 1-1 at 1.) The small-

---

[1] The United States' notice of substitution was incorrectly docketed as a motion (ECF No. 4) and is referenced as such in the conclusion of this order.

claims complaint described the claims against Rangle as "Defamation and Libel while employed as a sworn and credentialed Federal Law Enforcement Officer." (*Id.*)

The United States removed to this Court under 28 U.S.C. § 1442(a) and 28 U.S.C. § 2679(d)(2). (ECF No. 1; ECF No. 8 at 3.) The United States was substituted for Kenneth Rangle on August 27, 2018. (ECF No. 4.)

## III. UNITED STATES' MOTION TO DISMISS (ECF NO. 8)

### A. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.1989).

Defendants may seek dismissal of a claim or action for a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).

Allegations of a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted).

### A. Discussion

"The jurisdiction of federal courts to entertain actions for damages against the United States is limited by the Federal Tort Claims Act ('FTCA')." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 777-78 (9th Cir. 1984) (citing 28 U.S.C. § 2675(a)). "A plaintiff must first present notice of a claim to the appropriate federal agency." *Id.* at 778 (footnote omitted). The administrative claim must contain "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* at 780 (citing 28 U.S.C. § 2675(a)); *see also Burns v. United States*, 764 F.2d 722, 725 (9th Cir. 1985). "The plaintiff is permitted to sue the United States only after the claim is denied or six months have elapsed without final

disposition by the agency." *Id.* at 778 (citing *Avery v. United States,* 680 F.2d 608, 611 (9th Cir. 1982)). The claims presentation requirement is jurisdictional. *Id.* (citing *Avery*, 680 F.2d at 611).

The United States argues that the Court lacks jurisdiction to hear Plaintiffs' claims because Plaintiffs have not filed an adequate administrative claim containing a sum certain damages claim. (ECF No. 8 at 4-5; ECF No. 16 at 3.) Plaintiffs argue that they reported defamation and libel to the Office of Special Counsel for investigation where no further action was taken because Rangle had resigned. (ECF No. 15 at 8.) Plaintiffs further argue that they "reported this defamation and libel, in the form of perjury to the [FBI] . . . and to the local management of their employer—the Department of Justice—Bureau of Prisons where no further action was taken due to [Rangle's resignation]." (*Id.*)

The Court agrees with the United States that Plaintiffs have neither alleged nor produced evidence that they filed an administrative claim that contained "a sum certain damages claim." None of Plaintiffs' filings allege or show that they filed an administrative claim that included a sum certain damages claim. (*See* ECF No. 1-1 (small claims complaint); ECF No. 1-2 (small claims motion); ECF No. 11 (exhibits to Plaintiffs' opposition); ECF No. 14 (additional exhibits to Plaintiffs' opposition); ECF No. 15 at 7-9 (Plaintiffs' opposition).) Thus, the Court lacks subject-matter jurisdiction over Plaintiffs' claims.

The United States further argues that even if Plaintiffs had filed an adequate administrative claim, their claims would still be barred because the FTCA expressly excludes claims based on libel and slander. (ECF No. 8 at 5 (citing 28 U.S.C. § 2680(h)); ECF No. 16 at 3.) Plaintiffs concede the point but argue that 28 U.S.C. § 2680(h) should not apply here because Rangle would not be entitled to a qualified immunity defense. (ECF No. 15 at 9-10.) Plaintiffs' argument is non-sequitur, and the Court agrees with the United States. "The FTCA waives sovereign immunity for claims against the federal government arising from torts committed by federal employees." *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008) (citing 28 U.S.C. § 1346(b)(1)). But claims arising out

3

of libel and slander are exempt from the waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h). Thus, the Court lacks subject-matter jurisdiction over Plaintiffs' claims for this additional reason. *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993) ("When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case.").

Accordingly, the Court will grant the United States' motion to dismiss, and this case will be dismissed without prejudice for lack of subject-matter jurisdiction.

## IV. MOTION TO REDACT (ECF NO. 13)

Plaintiffs request that the Court "seal and/or redact the address or residence currently listed under this case available by public record request." (ECF No. 13 at 1.) Plaintiffs allege that Nicholas Kendryna is a federal law enforcement officer with the Bureau of Prisons and that "[h]aving this personally identifying information available by public access poses an increased risk for all public officials and specifically a danger to both the Plaintiff and his spouse while employed with the Department of Justice." (*Id.*) Plaintiffs further allege that Plaintiff's work is of a "sensitive nature" and carries an "increased risk of harm that indisputably exists while working for the Bureau of Prisons and in Law Enforcement in general." (*Id.* at 1-2.) Plaintiffs further note that they have sought to remove their residential information from the Washoe County Assessor's Office's public records in the past due to Mr. Kendryna's employment. (*Id.* at 2.) Plaintiffs allege that this is common practice for law enforcement officers and that Mr. Kendryna experiences regular threats of harm to his family from incarcerated individuals with whom he works. (*See id.*)

There is a "strong presumption" in favor of access to court records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz*, 331 F.3d at 1135). Under this standard, the party must articulate compelling reasons supported by specific factual findings that

outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* (citations omitted). The court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. *Id.* (citing *Foltz*, 331 F.3d at 1135). After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The Court finds that Mr. Kendryna's status as a law enforcement officer is a compelling reason to seal Plaintiffs' residential address. *See Kamakana*, 447 F.3d at 1182 (noting that magistrate judge found that the personal information of various law enforcement officers—home addresses and social security numbers—met the 'compelling reason' standard); *Roberts v. Clark Cty. Sch. Dist.*, No. 215CV00388JADPAL, 2016 WL 1611587, at *1 (D. Nev. Apr. 21, 2016) (citing *Kamakana*, 447 F.3d at 1182) ("[C]ompelling reasons exist to seal the home address and social security numbers of law enforcement officers to avoid exposing the officers and their families to harm or identity theft."); *Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *1 (N.D. Cal. Aug. 9, 2012) (citing *Kamakana*, 447 F.3d at 1182) ("The Ninth Circuit has held that there are compelling reasons to seal the home addresses and social security numbers of law enforcement officers.")). In addition, there is a factual basis for granting Plaintiffs' motion—Plaintiffs allege that Mr. Kendryna experiences regular threats of harm to his family from incarcerated individuals with whom he works. (ECF No. 13 at 2.) Accordingly, the Court grants Plaintiffs' motion to redact as discussed *infra*.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

|    |                                                                                                  |
|----|--------------------------------------------------------------------------------------------------|
| 1  | It is therefore ordered that the United States' motion to dismiss is granted. This case is dismissed without prejudice. The Clerk of the Court is instructed to close this case. |
| 2  | |
| 3  | It is further ordered that Plaintiffs' motion to redact is granted. The Clerk of the Court is instructed to seal ECF Nos. 1-1, 1-2, 13, 15. The United States is instructed to re-file ECF Nos. 1-1 and 1-2 with Plaintiffs' address redacted. Plaintiffs are instructed to re-file ECF Nos. 13 and 15 with Plaintiffs' address redacted. The Clerk of the Court is instructed to seal Plaintiffs' address. |

It is therefore ordered that the United States' motion to dismiss is granted. This case is dismissed without prejudice. The Clerk of the Court is instructed to close this case.

It is further ordered that Plaintiffs' motion to redact is granted. The Clerk of the Court is instructed to seal ECF Nos. 1-1, 1-2, 13, 15. The United States is instructed to re-file ECF Nos. 1-1 and 1-2 with Plaintiffs' address redacted. Plaintiffs are instructed to re-file ECF Nos. 13 and 15 with Plaintiffs' address redacted. The Clerk of the Court is instructed to seal Plaintiffs' address.

It is further ordered that the United States' motion to substitute parties (ECF No. 4) is granted.

DATED THIS 7th day of December 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE